IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher A. Notice,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-16-00947-PHX-DJH<br><br>**ORDER** |

    This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) filed on April 4, 2016 and the Report and Recommendation ("R&R") (Doc. 22) issued by United States Magistrate Judge James F. Metcalf on February 2, 2017. Petitioner filed a one-paragraph Objection to the R&R ("Objection") (Doc. 25) on March 16, 2017.

    Following a jury trial in early 2013, Petitioner was convicted of one count of possession of marijuana, a class two felony under Arizona law (count one) and one count of sale or transportation of marijuana, a class two felony (count two). (Doc. 22 at 3). The trial court sentenced Petitioner to concurrent terms of five years in prison on each of the two counts. (*Id.*).

    Petitioner raised four grounds for relief in the Petition. (Doc. 4 at 2; Doc. 22 at 4). In each of the four grounds, Petitioner seeks enforcement of the exclusionary rule, claiming that evidence used against him at trial was obtained in violation of his Fourth Amendment rights and should have been excluded. (Doc. 22 at 5). Judge Metcalf determined that Plaintiff is not entitled to habeas relief on the basis that evidence

introduced at his trial was improperly obtained in violation of the Fourth Amendment. (Doc. 22 at 5-6). Judge Metcalf relied on *Stone v. Powell*, 428 U.S. 465, 494 (1976), in which the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his trial." Judge Metcalf found there was an opportunity for a full and fair litigation of Petitioner's Fourth Amendment claims in the state courts. (Doc. 22 at 5). He further found that although Petitioner also referenced the Fifth Amendment in his Petition, he failed to sufficiently allege a claim for relief under the Fifth Amendment. For these reasons, Judge Metcalf recommends the Petition be denied. (Doc. 22 at 8-9).

As noted, Petitioner has filed an Objection (Doc. 25) to the R&R. Petitioner identifies no specific objections to Judge Metcalf's findings or analysis. His one-paragraph filing merely states that he "object[s] to the recommendation" of Judge Metcalf.

The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

Because Petitioner has not objected to specific "portions of the report or specified proposed findings or recommendations," the Court is not required to conduct a de novo review here. Plaintiff simply fails to identify which aspects of the R&R he finds objectionable. Nonetheless, the Court has reviewed Judge Metcalf's comprehensive and well-reasoned R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and dismiss the Petition. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Metcalf's R&R (Doc. 22) is **accepted** and **adopted**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

**Dated** this 3rd day of November, 2017.

Honorable Diane J. Humetewa
United States District Judge